[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13064
Non-Argument Calendar

_____

D.C. Docket No. 4:02-cr-00061-ELR-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HOWARD SAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 5, 2021)

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

James Sams is a federal prisoner, and he appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3852. His argument is twofold: First, he claims that the district court erred by overlooking his

presentence investigation report ("PSI") and, as a result, neglected the nature and circumstances of his offense and his personal history; and second, he asserts that the district court abused its discretion by placing undue weight on any continuing threat to the community he might represent. After a thorough review of the record, we affirm.

## I.

On October 16, 2001, Sams robbed a bank after pointing a gun at the teller. Sams then evaded capture for nine months, during which he committed two more bank robberies. In 2003, a jury convicted Sams of one count of bank robbery and one count of using a firearm to commit a violent crime. The district court then sentenced him to twenty-seven years in prison, and we affirmed. *See United States v. Sams*, 103 F. App'x 667 (11th Cir. 2004) (unpublished table decision).

Since beginning his sentence, Sams has completed a drug education course and attended rehabilitation, and he has addressed his mental-health condition through psychiatric treatment. Between the start of his sentence and 2017, Sams was disciplined fourteen times. Those disciplinary actions stemmed from, among other things, possessing narcotics, stealing items from the food service, and fighting with another person. Sams is now sixty-eight years old and has had three neck and spinal surgeries to address a degenerative spinal condition. His doctors say he needs a fourth. Sams also suffers from chronic pulmonary disease, asthma, hepatitis C,

2

hypertension, hyperlipidemia, ulcerative colitis, and depression—all of which increase his chances of suffering complications from COVID-19.

For that reason, Sams requested that the Bureau of Prisons file a motion for compassionate release on his behalf on March 20, 2021. But the Bureau denied that request, citing Sams's potential risk to the public's safety. Sams then moved for compassionate release in the district court under 18 U.S.C. § 3582(c)(1)(A). Recognizing the near impossibility of social distancing in prison, compounded by Sams's underlying medical issues, the government conceded the presence of "extraordinary and compelling circumstances" for Sams's release. Still, the government argued, and the district court agreed, that Sams remains a threat to the public's safety. For this reason, the district court denied Sams's motion.

## II.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, No. 20-12023, 2021 WL 745262, at *2 (11th Cir. 2021). A district court abuses its discretion when it fails to apply the proper legal standard or procedures while making its determination. *Id.* When reviewing for abuse of discretion, "we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at *3 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)).

3

In general, a district court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Under an exception to that rule, a district judge may grant compassionate release if, after considering the factors in 18 U.S.C. § 3353(a),[1] the court concludes that "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement, in relevant part, requires the court to find that the defendant is not a danger to the community. U.S. Sent'g Guidelines Manual § 1B1.13(2).

While consideration of the § 3553(a) factors is mandatory, the district court need not recite each individual factor. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments suffices. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). Moreover, the weight the district judge gives to any § 3553(a) factor falls within the district court's sound discretion. *United*

---

[1] The § 3553(a) factors include the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

*States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).  A district court abuses that discretion when it (1) disregards relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Sams first argues that the district court erred procedurally by disregarding his PSI and, by extension, the nature and circumstances of his offense and his history and characteristics—the first § 3553(a) factor.  First, Sams's assumption that the district court overlooked his PSI rests on a faulty premise.  The district court explained it was citing to the sentencing hearing and the government's memorandum for Sams's criminal history because Sams's PSI was sealed.  That does not mean that the district court failed to consider Sams's PSI altogether.  *See United States v. $242,484.00*, 389 F.3d 1149, 1156 (11th Cir. 2004) (explaining that we do not read a "district court's finding and the record from which they are drawn in a way that works against the judgment").  It simply means that the district court used its discretion to avoid citing a sealed document on the public record.  And that makes sense given that one of Congress's central goals in amending § 3582(c)(1)(A) was to increase the transparency of compassionate-release decisions.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  We cannot say that the district court abused its discretion in declining to cite Sams's sealed PSI.

But second, as long as the district court acknowledges that it considered the § 3553(a) factors and the parties' arguments, it need not discuss each one. *Kuhlman*, 711 F.3d at 1327. And the district court did just that, finding that Sams's "present circumstances, *when considered with the 3553(a) factors*, do not warrant a compassionate release at this time" (emphasis added). In addition, the court expressly considered Sams's criminal history and parole violations, the programs he completed while incarcerated, and his potential living conditions upon release.

Sams next argues that the district court erred substantively by placing undue weight on the threat he poses to the community. The weight given to any one § 3553(a) factor is committed to the sound discretion of the district court. *Croteau*, 819 F.3d at 1309. The abuse-of-discretion standard does not permit us to reverse "just because we might have come to a different conclusion had it been our call to make." *Eurisol*, 488 F.3d at 934. Rather, we may reverse only when the district court's judgment was clearly unsupported by the uncontroverted facts. *Irey*, 612 F.3d at1190. Because of the deference this standard requires, the occasions on which we have found a district court's sentencing decision to be substantively unreasonable are few and far between. *Id.* at 1191.

In weighing Sams's danger to society, the district court alluded to his nineteen felony convictions, six of which were for violent crimes. The core of Sams's claim is that the district court disregarded his long medical history. But the district court

noted its sympathy for Sams's age and medical conditions, listing each one on the record. Nevertheless, the district court concluded that, when considered with the § 3553(a) factors, Sams's present circumstances do not warrant compassionate release. The weight the district court placed on Sams's medical history is a factor that is committed to the district court's discretion. *See Croteau*, 819 F.3d at 1309. In this case, the district court found that factor could not overcome Sams's ongoing threat to the community. Because the record details Sams's lengthy and significant criminal history—which includes nineteen convictions, six for violent crimes—we cannot say the district court's finding was clearly unsupported by the facts. As a result, we cannot say the district court abused its discretion in denying Sams's motion for compassionate release.

**AFFIRMED.**